**Joseph KILIAN and Donald Kahler, Appellants,**

v.

**Robert T. LANE, d/b/a, Crystalane Pool & Equipment Co., Respondents.**

No. 25949.

Missouri Court of Appeals, Kansas City District.

Oct. 10, 1972.

Motion for Rehearing and/or Transfer Denied Jan. 22, 1973.

Application to Transfer Denied March 12, 1973.

Edward F. Aylward, John J. Cosgrove, Kansas City, for appellants.

Alvin D. Shapiro, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for respondents.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and LAURENCE R. SMITH, Special Judge.

SHANGLER, Chief Judge.

The appellants rely on the Fair Labor Standards Act of 1928, Title 29, U.S.C., §§ 201–219, to recover overtime pay, liquidated damages and reasonable attorney's

fees from the respondent employer. The respondent was engaged in the business of constructing swimming pools and had his office in Kansas. He stored materiel and equipment in both Kansas and Missouri and shipped them regularly to job sites across the state lines in motor vehicles driven by the appellants. The issues were tried to the Court and resolved in favor of the respondent.

Appellants asserted in their motion for new trial, and now in their brief, that the judgment was in error because the evidence established that the respondent employer was engaged in interstate commerce and therefore the employment activities were governed by the Fair Labor Standards Act. There was no issue, however, that the respondent was not engaged in interstate commerce. It was a fact openly conceded by the respondent at the trial and expressly found by the court.

■ The court's judgment was based upon the conclusion of law that, although the respondent was in interstate commerce, his activities fell within a statutory exemption to the Fair Labor Standards Act. That exemption, section 213(b)(1) of the Act renders the provisions of the Act inapplicable to any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service under the provisions of Title 49, U.S.C., section 304. That enactment authorizes the Interstate Commerce Commission to establish for private carriers of property by motor vehicle "qualifications and maximum hours of service of employees". The trial court expressly found that the employment duties of the appellants included work for respondent "as a private carrier of property by motor vehicle" and correctly concluded that since the Interstate Commerce Commission was empowered to establish qualifications and maximum hours of service for those employed in such an activity, the appellants, so employed, did not come within the provisions of the Fair Labor Standards Act.

■ The appellants now assert for the first time in their reply brief that the respondent is not a private carrier within the meaning of Title 49, U.S.C., section 303(a)(17) and, therefore, is not entitled to the benefit of the exemption. We will give no heed to this contention. Assignments of error presented for the first time in a reply brief cannot be considered. In re Buder's Estate, Mo., 317 S.W. 2d 828, 837 [4, 5].

The judgment is affirmed.

All concur.